# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 4, 2013

Lyle W. Cayce
Clerk

No. 11-50835
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARCUS DUPREE GRACE, also known as Marcus D. Grace,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:11-CR-10-1

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Marcus Dupree Grace pleaded guilty to the following charges: possession with intent to distribute at least 28 grams of crack cocaine within 1000 feet of a playground; possession of a firearm during the commission of a drug trafficking crime; possession of a firearm having an obliterated serial number; and possession of a firearm by a convicted felon. He was sentenced to a total of 252 months of imprisonment, which is a within-guidelines sentence. He contends that the district court committed a significant procedural error by

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

imposing a sentence within the pertinent guidelines range without giving specific reasons for rejecting his nonfrivolous arguments in favor of a sentence below this range. He also asserts that the district court failed to consider the 18 U.S.C. § 3553(a) factors when imposing his sentence.

We review Grace's argument for plain error because he raises it for the first time on appeal. *See United States v. Whitelaw,* 580 F.3d 256, 259 (5th Cir. 2009). To show plain error, he must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error but will do so only if the error substantially affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

A review of the record does not support Grace's argument that the district court failed to consider his arguments for a lower sentence or the § 3553(a) factors. The court indicated in its written statement of reasons that it was imposing Grace's sentence "due to the drug amount falling at the mid-point of the Drug Quantity Table and his criminal history points falling at the mid-point of Criminal History Category IV." Thus, a review of "the full sentencing record reveals the district court's reasons for the chosen sentence and allows for effective review by this court." *United States v. Bonilla*, 524 F.3d 647, 657-58 (5th Cir. 2008). Regardless, even if the district court's reasons were inadequate and constituted plain error, Grace has not shown that a more extensive explanation would have changed his within-guidelines sentence. *See United States v. Mondragon-Santiago,* 564 F.3d 357, 365 (5th Cir 2009).

Grace also contends that his sentence is substantively unreasonable because the district court failed to consider the multiple factors he identified in favor of a lower sentence. Because Grace did not object to the substantive reasonableness of his sentence before the district court, this argument is also reviewed for plain error. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). The record reflects that the district court considered Grace's

arguments for a lower sentence, but elected to impose a within-guidelines sentence. Such a sentence is presumptively reasonable and afforded great deference. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006); *United States v. Mares*, 402 F.3d 511, 519-20 (5th Cir. 2005). Grace essentially seeks to have his sentence vacated based on a reweighing of the § 3553(a) factors by this court. "[T]he sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant." *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008). The fact that this court "might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall v. United States*, 552 U.S. 38, 51 (2007). Further, a defendant's disagreement with the propriety of the sentence imposed does not suffice to rebut the presumption of reasonableness that attaches to a within-guidelines sentence. *Cf. United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008) (finding various arguments for a non-guidelines sentence presented no reason to disturb the presumption of reasonableness). Grace has not shown that his sentence was substantively unreasonable, *see Gall*, 552 U.S. at 51, nor has he rebutted the presumption of reasonableness that attaches to his within-guidelines sentence, *see Gomez-Herrera*, 523 F.3d at 565-66.

AFFIRMED.